UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN L. SPENCER,

    Plaintiff,                      CIVIL ACTION NO. 15-CV-13737

vs.                                DISTRICT JUDGE GEORGE CARAM STEEH

                                      MAGISTRATE JUDGE MONA K. MAJZOUB

DARIEN MABEN,

    Defendant.
_____/

REPORT AND RECOMMENDATION

**I.   RECOMMENDATION:**  The undersigned recommends that Plaintiff's case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has failed to state a claim upon which relief may be granted.

**II.   REPORT:**

Plaintiff Calvin Spencer brings this pro se action against Defendant Darien Maben under Title VII of the Civil Rights Act of 1964 for wrongful discharge, discrimination, and harrassment. (*See* docket no. 1.)   Plaintiff alleges the following:

> Discrimination – failed to provide any reasonable accommodations for my disability, agreed with customers (sic) opinion of hiring me.
>
> Harrastment (sic) – failed to talk or show up for scheduled interview and disrespect (laughing, calling me names, and comments).

(Docket no. 1 at 2.)   Plaintiff states that he "would like to file a Complaint against employer Taco Bell." (*Id.* at 3.)   And he claims to be seeking "a monitary (sic) settlement for hours unemployed and hours earning less pay than the defendant's wages [as well as] a settlement for wrongful

1

discharge, discrimination, and harrastment (sic)." (*Id.*) Plaintiff has provided no additional detail or factual allegations with his claim.

28 U.S.C. § 1915(e)(2)(B) states that a district court has a duty to dismiss at any time a case in which the plaintiff is proceeding *in forma pauperis* if it determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are "fantastic or delusional" or if it is based on legal theories that are indisputably meritless. *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). A complaint fails to state a claim on which relief may be granted if fails to contain facts sufficient to state a claim to relief that is plausible on its face. *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir.2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 570 (2007)).

In this case, even viewing the limited factual allegations in the light most favorable to Plaintiff, Plaintiff's filings fail to suggest any basis for relief or set forth facts sufficient to state any plausible claim against any party. The Court is unable to determine Plaintiff's alleged disabilities, what actions Defendant allegedly took to discriminate against or harass Plaintiff, or the identity of Defendant Maben. Moreover, Plaintiff's claims appear to be against a Taco Bell franchise located in Clawson, Michigan, but his Complaint does not include Taco Bell as a Defendant. Accordingly, the undersigned recommends that Plaintiff's case be *sua sponte* dismissed under 28 U.S.C. § 1915(e)(2)(B).

### III.   Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:   November 9, 2015              s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served on Plaintiff, Calvin Spencer, on this date.

Dated:   November 9, 2015              s/ Lisa C. Bartlett
                                       Case Manager