UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN L. SPENCER,

        Plaintiff,

                                CASE NO. 15-CV-13737
v.                          HONORABLE GEORGE CARAM STEEH

DARIEN MABEN,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. #8)

Plaintiff filed this action pro se alleging wrongful discharge, discrimination, and harassment. All pretrial matters were referred to Magistrate Judge Mona Majzoub. On November 9, 2015, Magistrate Judge Majzoub issued a report and recommendation recommending that plaintiff's complaint be dismissed sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. The magistrate judge explained:

> In this case, even viewing the limited factual allegations in the light most favorable to Plaintiff, Plaintiff's filings fail to suggest any basis for relief or set forth facts sufficient to state any plausible claim against any party. The Court is unable to determine Plaintiff's alleged disabilities, what actions Defendant allegedly took to discriminate against or harass Plaintiff, or the identity of Defendant Maben. Moreover, Plaintiff's claims appear to be against a Taco Bell franchise located in Clawson, Michigan, but his Complaint does not include Taco Bell as a Defendant. Accordingly, the undersigned recommends that Plaintiff's case be *sua sponte* dismissed under 28 U.S.C. § 1915(e)(2)(B).

(Doc. #5 at 2).

On December 1, 2015, the court accepted the magistrate judge's report and recommendation without any objection by plaintiff. (Doc. #6). Subsequently, the court

-1-

received objections to the report and recommendation. (Doc. #8). The court construes the objections as a motion for reconsideration.

## I. LEGAL STANDARD

The Local Rules of the Eastern District of Michigan provide that "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). The court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). To obtain reconsideration of a court order, "the movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A palpable defect "is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F.Supp.2d 714, 718 (E.D. Mich. 2001).

## II. DISCUSSION

Plaintiff is not entitled to reconsideration because he fails to state a claim upon which relief can be granted.

In his motion for reconsideration, plaintiff attaches a summary chart from his doctor showing that he has been diagnosed with schizophrenia, paranoid type, as well as nondependent alcohol abuse (episodic drinking behavior) and cannabis dependence. (Doc. #8 at 4). Plaintiff also attaches an EEOC response to a charge he filed against an unspecified Taco Bell franchise. (*Id.* at 2).

Plaintiff alleges that the discriminatory actions of "defendants" "were when he failed to show up for scheduled interviews, disrespectful comments, refused to give me my orientation after Manager Brandy hired me. . . ." (*Id.* at 1). As best as can be gleaned from the papers, plaintiff contends that Taco Bell in Madison Heights, Michigan hired him. (*Id.*). However, when he showed up for orientation at Taco Bell's Clawson, Michigan location, defendant Maben "left out back door rather than assisting" plaintiff. (*Id.*).

The allegations fail to state a claim upon which relief can be granted. There are no plausible allegations that anyone discriminated against or harassed plaintiff because of any disability. Plaintiff merely alleges that he was hired by Taco Bell, but when he showed up for orientation, Maben left the Taco Bell. There are no allegations that Maben knew who plaintiff was, knew of plaintiff's alleged disability (presumably psychiatric), or discriminated against him on that basis. Nor are there any allegations of what "assistance" plaintiff required that he did not receive. Accordingly, plaintiff's objection, construed by the court as a motion for reconsideration, is DENIED, because plaintiff continues to fail to state a claim.

IT IS SO ORDERED.

Dated: December 17, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 17, 2015, by electronic and/or ordinary mail and also on Calvin L. Spencer, 27 Osceola, Pontiac, MI 48341.

s/Barbara Radke
Deputy Clerk